## Case No. 10,758.

PARKHURST v. KINSMAN et al.

[2 Blatchf. 72;[1] 8 N. J. Leg. Obs. 73; 1 Fish. Pat. Rep. 175.]

Circuit Court, S. D. New York. Jan. 25, 1848.

EQUITY—LEAVE TO FILE SUPPLEMENTAL BILL—AVERMENTS—NEW PARTIES.

1. Under rule 57 in equity, requiring notice to be given on an application for leave to file a supplemental bill, it is not necessary that the petition for leave should embrace the averments intended to be inserted in the supplemental bill, but only that it should advise the opposite party and the court of the ground on which the relief is applied for.

2. All that the court inquires into, on such a petition, is to see whether probable cause exists for granting the leave, and whether the petition states facts or circumstances which, if properly pleaded, would sustain a supplemental bill.

3. Where the original bill was against K., and was founded mainly on an agreement between the plaintiff and K., in relation to a machine patented to the former, which gave to K. the right to make and vend the machines on certain conditions, and, on filing the bill, an injunction was issued against K., prohibiting his further making or selling the machines: Held, that a petition alleging that since the filing of the bill G. had, as the plaintiff was informed and believed, become in some way interested in the machines, and was, as the plaintiff believed, acting in collusion with K. in making and vending them, and represented himself as so interested, was sufficient to authorize the plaintiff to make G. a party to the same suit by supplemental bill.

4. Where the same petition asked leave to insert in a supplemental bill new matters in regard to K.: Held, that although most of them would be proper subjects of amendment to the original bill, and could not lay the foundation for a supplemental bill, yet, as a discovery was sought from K. in regard to particulars not stated in the original bill, and K. had already answered that bill, the leave ought to be granted.

5. Circumstances stated under which laches will not be imputed to the plaintiff as a ground for denying him leave to file a supplemental bill.

[This case is first reported as heard upon the application of the defendant to reduce the amount of bail for which he was held under arrest. Case No. 10,761.]

This was an application, by petition, for leave to file a supplemental bill, making one Calvin L. Goddard a party to the suit, and adding new charges against the defendant [Israel] Kinsman, based partly on facts which had occurred since the original bill was filed, and partly on facts existing at that time, but not then known to the plaintiff [Stephen R. Parkhurst], and also an amended prayer for a receiver. No additional proceeding was prayed against the defendant [James W.] Hale. Notice of the application was served on Kinsman and Goddard, and they opposed it. Kinsman objected that the plaintiff had been guilty of laches, in not speeding the cause, as a plea in bar to the bill, and an answer supporting the plea had been filed nearly two years before; and that it was unreasonable to allow him now to introduce new

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

averments and a new prayer, and thus open and enlarge the field of litigation, which ought to have been closed upon the pleadings before the court. The original bill was founded mainly upon an agreement between the plaintiff and Kinsman, in relation to a burring machine patented to the plaintiff,— see Parkhurst v. Kinsman [Case No. 10,757], —which gave to Kinsman the right to make and vend the machines on certain conditions. A provisional injunction was granted against Kinsman, on the filing of the bill, prohibiting his further making or selling the machines. The petition now alleged that, since the bill was filed, Goddard, who was formerly a clerk or agent of Kinsman's, had, as the plaintiff was informed and believed, become in some way interested in the machines, and was, as the plaintiff believed, acting in collusion with Kinsman in making and vending them, and represented himself as so interested, and was issuing circulars to invite purchasers, &c. Goddard objected, that the cause of action against Kinsman set up in the bill was wholly foreign to him, being based on a contract between those parties, and seeking redress upon the spirit and equity of that contract, with which he was in no way connected in terms, and in which he had no interest; that, if the plaintiff had any cause of action against him for the violation of the patent, the remedy was by an action for the tort, and such violation had no connection with the agreement set up in the bill.

Seth P. Staples and George Gifford, for plaintiff.

James W. Gerard, for Goddard.

Ambrose L. Jordan, for Kinsman.

BETTS, District Judge. It seemed to be supposed, on the argument, by the counsel for the defendant, that the supreme court, in requiring, by rule 57, notice to be given on an application for leave to file a supplemental bill, had put the petition upon the footing of the bill itself when filed, and that the application could be defeated by showing that the petition did not make a case establishing the propriety of the bill, and the legal liability of the party sought to be brought in, to the remedy sought by the suit. Such, however, is not the effect of the rule. It does not essentially change the practice as it before existed. In England and in this state. supplemental bills were allowed to be filed only by leave of the court. Daniell, Ch. Prac. (Am. Ed.) 1655, and notes; Eager v. Price, 2 Paige, 333; Lawrence v. Bolton, 3 Paige, 294. And the court, in addition, frequently ordered notice to be given of the application. Eager v. Price, 2 Paige, 335. The design of notice is to avoid precipitation and a needless accumulation of pleadings. But the court inquires no further than to see whether probable cause exists for the new proceeding. The petition, accordingly, need not embrace the averments intended to be inserted in the supplemental bill, but need only advise the opposite party and the court of the ground on which the relief is applied for. The court may. therefore, deny leave to file a supplemental bill, and yet permit an amendment of the original bill; and this ability to shape and abridge the pleadings may be the reason of the practice which requires the assent of the court to the filing of a supplemental bill. In my opinion, then, all that the court looks to on motions of this description, is to see that the plaintiff states facts or circumstances which, if properly pleaded, would sustain a supplemental bill.

The allegations in the petition in regard to Goddard would, undoubtedly, be insufficient as averments in a supplemental bill, but they embrace matters which, if well pleaded, may charge him as a party to the suit. The court will not decide this motion on the technical rules applicable to a demurrer. The petition is sufficiently definite in charging that Goddard has become connected with the subject-matter of the suit against Kinsman since the original bill was filed, and is, in that connection. doing those acts in relation to the interests of the plaintiff which this court, by injunction, has restrained Kinsman from doing; and that is, in substance, sufficient, according to all the authorities, to authorize the plaintiff to bring Goddard before the court, in the same suit, to answer for his proceedings. On these points, the plaintiff is entitled to a discovery from Goddard. It is a mistake to construe the petition as setting up, as the ground of complaint, an independent infringement by Goddard of the plaintiff's rights under his patent. Its bearing and manifest intent is to charge on Goddard a combination with Kinsman, and an acting in concert with him to defeat the right the plaintiff has to restrain Kinsman on the equities of the original bill. It is enough, on this motion, to allege such concert and combination on information and belief, whether such a charge would or would not be sufficient in the bill itself. The leave prayed for must, therefore, be granted in respect to Goddard.

Most of the matters sought to be inserted in the supplemental bill in respect to Kinsman would be proper subjects of amendment to the original bill, and could not lay the foundation for a supplemental. bill. 1 Hoff. Ch. Prac. 393, 398; Story, Eq. Pl. § 333. But, as a discovery is sought from Kinsman in regard to particulars not stated in the original bill. and an answer to that has been already put in by him, the course of practice will justify the filing of a new bill. Mitf. Eq. Pl. 62 (3d Am. Ed. 99) and note.

The laches imputed to the plaintiff, in not pushing forward his suit since Kinsman's plea and answer were put in, might perhaps call for a fuller excuse, before the court would allow the plaintiff to change the issues by amending the original bill. Even then, however, the objection would not stand

upon the ground of any essential injury to the defendant to arise from permitting such amendment, for it is not shown that any proofs have been taken by either party under the issues, or that the defendant has availed himself of his privilege under our practice of speeding the cause. But a supplemental bill may be filed at any stage of a cause, even after decree rendered (Story, Eq. Pl. § 338), and the nature of the present litigation would induce the court to lend all reasonable aid to have every dispute between the parties in respect to their rights as involved in it, definitively settled, and to leave nothing to be called up and pursued hereafter. Upon these considerations, I shall authorize the supplemental bill to be filed as prayed for, with the insertion, as against Kinsman, of the allegations referred to in the petition, and which might not, if brought forward by themselves, justify more than an order for amendment.

[NOTE. A receiver was appointed in this case upon the supplemental bill, and an injunction granted against Kinsman and Goddard. Case No. 10,760. Subsequently Kinsman was arrested under attachment for a violation of this injunction, and held to answer certain interrogatories filed by the plaintiff. Certain of these interrogatories were held by the court bad, upon demurrer of defendant. In the case of those upon which issue was joined, a reference was had to a master to take proofs. Id. 10,759. Upon the hearing upon all the pleadings and proofs taken, a decree was entered in favor of the plaintiff, and for an account. Id. 10,757. Subsequently, upon the coming in of the master's report, a final decree for $23,220.28 was entered against the defendants. This decree was affirmed upon appeal by the supreme court. 18 How. (59 U. S.) 289.]